UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVAR BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>    Respondents. | Case No. CV 13-4145 VAP(JC)<br><br>(PROPOSED) ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I. SUMMARY

On June 10, 2013, Levar Brown ("petitioner"), who appears to be in state custody and is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition"). Petitioner's sole claim is that the California Department of Corrections ("CDC") did not grant him "gate monies" when he was a parolee, as assertedly required by California Penal Code section 2713.1.[1] (Petition at 3). It plainly appears from the face of the Petition, that petitioner is not entitled to relief at this time because his claim is not cognizable on federal habeas review.

///

---

[1] California Penal Code section 2713.1 provides, with certain exceptions, that prisoners shall be paid the sum of $200 upon their release from prison. Cal. Penal Code § 2713.1.

Accordingly, the Petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

## II. DISCUSSION

Pursuant to Title 28, United States Code, Section 2254(a), a federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This language requires a nexus between a petitioner's claim and the unlawful nature of the custody. Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010) (holding that petitioner's challenge to restitution order not cognizable on federal habeas review). Such a nexus is not met by a challenge to the denial of "gate money." Indeed, "[a]ccording to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement. Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (citing Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973)). Petitioner, however, does not challenge the legality or duration of his confinement. Rather, he challenges the denial of "gate money," which challenge, even if successful, would not affect the fact or duration of petitioner's custody. See Bazley v. Cal. Dept. of Corrs. & Rehab., 2009 WL 646631, *1 (E.D. Cal. Mar. 11, 2009) (petitioner's challenge to denial of "gate money" fails to state cognizable claim for federal habeas relief); Jacobsen v. Cal. Dept. Of Corrs, 2007 WL 2382043, *1 (E.D. Cal. Aug. 17, 2007) (claim that prison staff denied petitioner "gate money" upon his release fails to state cognizable federal claim), adopted, 2007 WL 2902953 (E.D. Cal. Oct. 3, 2007).

///

---

[2] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

## III. ORDER

IT IS THEREFORE ORDERED that the Petition is dismissed and that Judgment be entered accordingly.

DATED: June 24 2013

_____
HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:[3]


_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3] Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.